ASH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Selvin Josue Rodriguez Lopez,

Petitioner,

v.

Unknown Party, et al.,

Respondents.[1]

No.    CV-26-02739-PHX-MJM (CDB)

**ORDER TO SHOW CAUSE**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[2]

Petitioner is a native of Honduras who entered the United States in 2017 as a teenager.  On March 22, 2026, Petitioner was arrested by immigration authorities.  He has not been provided a bond hearing, and remains detained as of the date of this Order.

The Petition raises the issue of whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when

---

[1] Petitioner names as Respondents: ICE Acting Director Todd M. Lyons; former DHS Secretary Kristi Noem; former United States Attorney General Pamela Bondi; and two unnamed Respondents identified as the Florence Correctional Center Warden and ICE Phoenix Field Office Director.  The Court will dismiss the ICE Phoenix Field Office Director as an improper Respondent, and substitute Luis Rosa, Jr., Markwayne Mullin, and Todd Blanche for the Florence Correctional Center Warden, Kristi Noem, and Pamela Bondi, respectively.  Fed.R.Civ.P. 25.

[2] Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2).  Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture.  Therefore, the Court will deny the Motion without prejudice.

immigration authorities apprehend an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades.  Another judge in this district has determined that § 1226(a) applies in this circumstance.  *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025).  Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners.  Furthermore, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)."  *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

Further, on December 18, 2025, the Central District of California entered judgment in a class action likely covering Petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)."  *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025).  Most recently, the court in *Bautista* granted the class members' motion to enforce judgment and vacated the Board of Immigration Appeals' ruling in *In re Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, ___ F. Supp. 3d ___, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). [3]

Based on prior decisions in the District of Arizona, the Seventh Circuit's opinion, and the prior decisions and judgment in *Bautista*, Respondents must show cause why the

---

[3] The Ninth Circuit Court of Appeals has stayed these orders pending appeal of the district court's class certification order and final judgment.  *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Mar. 31, 2026).  The stay did not alter the impact of the declaratory judgment within the Central District of California, nor does it affect the Court's independent determination that Petitioner appears likely to be entitled to relief in the form of release or a bond hearing.

Petition should not be granted and the Court should not order Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226.  Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**Warnings**

### A.     Address Changes

If Petitioner's address changes, Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.     Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

(1)     Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2)     Respondent unknown ICE Phoenix Field Office Director is **dismissed**.  Luis Rosa, Jr., Todd Blanche, and Markwayne Mullin are **substituted** for Respondents unknown Florence Correctional Center Warden, Pamela Bondi, and Kristi Noem, respectively.

(2)     The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order on the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States

Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)     Respondents must show cause no later than **April 29, 2026**, why the Petition should not be granted.

(5)     Petitioner may file a reply no later than **May 6, 2026**.

IT IS SO ORDERED.

DATED this 22nd day of April, 2026.

_____
Michael J. McShane
United States District Judge

- 4 -